# CASES

# SUPREME JUDICIAL COURT,

### COUNTY OF WALDO, JULY TERM, 1836.

---

## THOMAS PICKARD *vs.* SAMUEL L. VALENTINE & *al.*[*]

The *drawer* of an inland bill of exchange and the *endorser* of a promissory note, as well as the acceptor and maker, are entitled to three days grace, by the statute of 1824, *ch.* 272, when the bill, or note, has been discounted by a bank, or left there for collection.

Where a bill of exchange is entitled to grace, the statute of limitations does not commence running from the day it would have fallen due by *its* terms, but from the last day of grace.

THIS was an action of *assumpsit* brought by the plaintiff as endorser, against the defendants as drawers of two bills of exchange, the same having been protested for non-payment.

It was proved that the defendants as partners in trade, drew the first bill declared on, as follows: ·

"*Bangor, Nov.* 12*th*, 1827 — At four months date, pay the order of *Wm. Davenport* six hundred dollars, value received, and charge as advised to account of your ob't servants.

*Valentine and Davenport.*

To *Mr. George D. Little*, Merchant, *New-York.*"

Which bill was duly endorsed by said *Wm. Davenport* and accepted by said *Little*, and which was duly presented to him for payment on the 15th of *March*, 1828, and payment refused, and due notice thereof given to the defendants as drawers. The bill had been regularly negotiated through the United States Branch

---

[*] Emery J. was engaged in the trial of jury causes in the County of *Washington*, and did not attend at this term.

Pickard *v.* Valentine.

Banks at *New-York* and *Boston.* The statute of limitations was relied upon. The writ was duly issued in fact on the 12th of *March*, 1834. No new promise was proved. The defendants were defaulted.

If in the opinion of the full Court, the action was commenced within six years after the cause of action accrued, the judgment was to be entered for the amount of both the bills of exchange, declared on, but if the Court should be of opinion that the action on the first bill above described is barred by the statute, their judgment is to be entered only for the amount of the second bill declared on.

*White*, for the defendants, contended, that the action was not brought within six years from the time the cause of action accrued. Unless the three days grace are to be allowed, the action must have been brought on the 11th day of *March* to have been within the six years. No grace should be allowed in this case, as the action is brought by the endorser against the drawers.

The remedy is only suspended, when the note is entitled to grace. The cause of action accrues, when the note becomes payable by its terms, and the maker or drawer has the three days given him to pay it, by the statute, before he can be subjected to a suit. Besides, the statute gives the days of grace only to the maker or accepter, and not to the endorser or drawer. As this action is between the two latter, the bill is not entitled to grace, and therefore barred by the statute of limitations.

*Alden*, for the plaintiff.

The statute of limitations does not begin to run until six years after the party has had the power to enforce payment of his demand by a suit. By the common law, all foreign bills of exchange are entitled to three days grace, and our statute specially gives it in case of inland bills, where the note was left in a bank for collection, or has been discounted by a bank. The case shows this bill to have been thus entitled to grace. This bill, being drawn on a man in *New-York*, is to be considered a foreign bill. If an inland bill, the statute gives grace, and the action was commenced within the time. *Chitty on Bills*, 190 ; *Bayley on Bills*, 15.

But even, if the bill was not entitled to grace, the action was commenced within six years from the time the cause of action accrued. In notes and bills the day of the date is to be excluded, and therefore no action could be maintained on the twelfth. The defendants had the whole of that day in which they might have paid it without suit, and the statute, on the supposition that there was no grace, did not begin to run until the thirteenth of *March*.

At a subsequent day of the term, the opinion of the Court was delivered by

WESTON C. J. — The drawers undertook that the drawee should accept the bill ; and pay it at maturity. Upon his refusal to accept or to pay, upon due notice they became liable to the holder. The bill in question was duly accepted. The holder therefore had no claim upon the drawers, unless upon presentment the acceptor refused or neglected to pay the bill, when due. Then and then only, due notice being given, were the drawers liable to the action of the holder. The bill was payable four months after date. Was the acceptor entitled to grace, in addition to that period ? We are very clearly of opinion that he was ; and equally whether the draft under consideration, is to be regarded as a foreign, or an inland bill. If foreign, the acceptor was entitled to grace by the custom and usage of merchants, if inland, by statute, if the bill was discounted at any bank, or left there for collection, *statute* of 1824, *ch.* 272 ; and the report states, that the bill had been regularly negotiated, through the United States branch bank at *New York* and at *Boston*. It results, that the acceptor did not violate the obligation he had assumed, until he refused and neglected to pay on the fifteenth of *March*, 1828, which was the last day of grace. And the liability of the drawers, to the action of the holder, depending as it did upon the failure of the acceptor to pay at maturity, could not arise before.

This action having been brought within six years from that day, is not barred by the statute of limitations. The statute does not begin to run, until the cause of action accrued. It is true the three days of grace are given to the maker of the note, or to the

acceptor of a bill, and the statute is silent as to drawers and endorsers ; but as their liability to an action is conditional, and does not arise, except upon the failure of the maker or acceptor to pay, if the latter are intitled to an extension of time, the former must necessarily have a right to the same extension.

The opinion of the Court is, that the action is seasonably brought; and that the plaintiff is entitled to judgment on both drafts.